LAW OFFICES OF BYRON THOMAS
BYRON E. THOMAS, ESQ.
Nevada Bar No. 8906
3275 S. Jones Blvd., Suite 104
Las Vegas, NV 89146
Telephone No. (702) 347-3103
Email: byronthomaslaw@gmail.com
*Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE : <br><br> EMPIRE POST MEDIA | Case No.: 21-11506-ABL <br> Chapter: 7 <br><br> Hearing Date: July 7, 2021 <br> Hearing Time: 9:30 a.m. <br><br> **OPPOSITION TO SAEAN, INC.'S MOTION TO DISMISS BANKRUPTCY** |

Comes now Empire Post Media, Inc., by and through its counsel of record and files this Opposition to Motion to Saean' Motion to Lift the Bankruptcy (the "Opposition"). The Opposition is based on the pleadings and papers on file and the oral argument ordered by the Court.

## POINTS AND AUTHORITIES

**Background Facts[1]**

The controlling shareholder of Empire Post Media, Inc., a Nevada corporation ("EMPM" or the "Company") was and is Saean, Inc., a Nevada corporation ("Saean").

In the Summer of 2019, as majority shareholder, Saean approved the proposed EMPM business plan of developing an off-road, electric vehicle business.

Contemporaneously, Saean and Mr. Lee then installed the then current management team in the Summer of 2019 and executed a convertible promissory note in the amount of $905,000 USD contemporaneously (the "Note") to develop the approved business plan.

1

Saean initially funded $305,000 USD of the $905,000 Note in August of 2019 (the "Initial Funding"), with the balance of $605,000 USD to be received by EMPM from Saen during October 2019.

With the Initial Funding, EMPM and its management team entered into a long-term sublease on a large commercial building (approximately 10,000 square feet with showroom), purchased significant equipment and tools, hired employees and staff to further the business plan, and had completed initial development of an off-road electric prototype by December 2019.

Mr. John Lee visited the EMPM facility two times during the fall of 2019 and told the management team he approved all corporate actions by EMPM to date and made the first of many promises that the final investment of $605,000 USD would be sent in no later than December 2019.

In a last-ditch effort to obtain the promised remaining financing from the Note signed by Saean, Mr. William Sawyer and Ms. Tammy Billington (both then officers of EMPM) took a trip to visit Saean and Mr. Lee in South Korea during the holiday season of late December 2019 and January 2020.

This trip to South Korea was completed to impress upon Saean and Mr. Lee the dire circumstances that EMPM was in financially going into the new year of 2020 in a desperate attempt to get the final funding of $605,000 USD on the Note as creditors, including the EMPM's commercial landlords, were threatening legal action for rents due on the large facility that had been leased based upon promised funding of the Note by Saean and Mr. Lee.

During this trip to South Korea as discussed above, Saean and Mr. Lee made further promises of meeting Saean's funding obligations under the Note.

---

[1] The Background facts are supported by the Declaration of Ted Campbell filed concurrently with this Motion.

During the first quarter of 2020, Saean and Mr. Lee continued to make the same promises of completing the funding of the Note until the management team had no choice but to file a lawsuit against Saean due to its financial predicament caused by Saean's failure to complete the funding of the Note.

The lawsuit against Saean was filed on April 12, 2020, in direct response to EMPM being threatened with legal actions by its creditors, and the fact we no longer believed that Saean, EMPM's largest shareholder, would complete the funding of the Note as contractually obligated to do so.

It is important to note that at no time before April 12, 2020, did Saen, Mr. Lee, or any other representative of the same send a letter or email to EMPM or its current management alleging mismanagement of the Initial Funding by the current management team of EMPM.

This mismanagement of funds statement by the current management team, expressed now in many filings by Saean with this court, is a convenient defense to the breach of the terms of the Note by Saean.

Again, Mr. Lee, the CEO of debtor Saean, again took two trips to the facility in the fall of 2019 and at such times, expressed his enthusiasm with what had been accomplished to date and pushed the management team forward with additional spending requests and the numerous broken promises that the remaining $605,000 USD of the Note due to EMPM would be invested shortly.

/ / /

// /

/ //

/ / /

// /

3

## ARGUMENT

### A.  The Bylaws and Articles Empowered Mr. Campbell to put the Company Into Bankruptcy.

Debtor does not disagree that only an authorized person can put a company in to bankruptcy and that is governed by applicable bankruptcy.  Mr. Campbell did have the authority to put the Debtor into bankruptcy under state law. See Exhibit "A."

On March 26, 2021, Ted Campbell as secretary of Empire Post placed the Company into bankruptcy.  See Exhibit "B".  Mr. Campbell was authorized to put the Company into bankruptcy pursuant to the Company's bylaws and articles.

Section 3.1 of the Bylaws states as follows:

> Powers – the business of the corporation shall be managed by its Board of Directors which may exercise all such powers of the corporation and do all such lawful acts and things as are not by statute or by the Articles of Incorporation or by these Bylaws directed or required to be exercised or done by stockholders.

See Exhibit "A."  There is absolutely nothing in the Articles of Incorporation that requires a shareholder vote on whether the Company can be put in bankruptcy or not. Id. There is nothing in the statutes that require the Company to get shareholder approval of a bankruptcy filing.  Saen, Inc., does not cite one statute, bylaw or article of incorporation that requires a shareholder vote before putting Debtor into bankruptcy.

For some inexplicable reason Saean points to NRS 78.135(1) as preventing Mr. Campbell from putting the Company into bankruptcy.   NRS 78.135(1) provides in relevant part as follows:

> 1.  The statement in the articles of incorporation of the objects, purposes, powers and authorized business of the corporation constitutes, as between the corporation and its directors, officers or stockholders, an authorization to the directors and a limitation upon the actual authority of the representatives of the corporation.

4

NRS 78.135 simply says that the Court should look to the Articles for Limitations on the Powers of the Board.  The Articles of Incorporation do not contain any limitations on the officer's ability to place the Company into bankruptcy.  Saen then cites to NRS 78.139, is applicable however this simply makes no sense.  In the State Court action Saen filed a counterclaim and alleged:

> As Empire is admittedly in a dire financial position, and essentially insolvent, Empire should be dissolved judicially and any assets and liabilities of Empire, including funds provided by Saean, should be accounted for and any creditors' claims satisfied.

Dkt # 32-1 p. 12,¶ 18.  Saen is claiming that the Debtor is insolvent and creditors need to be protected. This is exactly what the Bankruptcy code is setup to do.  Then the alternative Saen asserts

> In the alternative, should this Court not dissolve Empire, a receiver should be appointed to manage Empire, and report on Empire operational and financial condition; so further orders and adjudication of this Court may issue.

Id. at ¶ 21.  A receiver is entitled to compensation as are the professionals that he/she employs. Saen, Inc. has made no offer to pay for the fees and costs.

NRS 78.140 governs transactions between a corporation and officers and directors of that corporation.  There is no contract or transaction between the corporation and any officer at issue in this instance.  NRS 78.140 is simply not applicable.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

The debtor was properly placed into bankruptcy.  There was no requirement for a shareholder vote to put the Company in Bankruptcy

Dated this 23th Day of June 2021

LAW OFFICES OF BYRON THOMAS

By:  /s/ BYRON E. THOMAS, ESQ.

BYRON THOMAS
3275 S. Jones Blvd
Las Vegas, Nevada 89146
Phone: (702) 747-3103
 Attorneys for Debtor